# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES NEELY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:07CV995 CEJ |
| CITY OF FERGUSON, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was held in the Ferguson City Jail on a felony warrant. Defendant has moved for summary judgment on the basis that plaintiff has failed to show that any policy or custom of the City of Ferguson was responsible for the alleged violations of his constitutional rights. Upon review of the motion and the supporting documents, the Court finds that plaintiff has failed to create a triable question of fact. The Court will enter summary judgment in favor of defendant.

### Standard

Under Rule 56(c), a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114

(8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.[1]

**Background**

In the complaint, plaintiff alleges that during his confinement in the City of Ferguson, Missouri jail, corrections officers refused to allow him to use the telephone to contact an attorney and arrange bail, denied him food, and subjected him to threats and intimidation. Plaintiff claims that these actions violated his right to due process of law.

On June 6, 2006, a City of Ferguson police officer stopped plaintiff's car after plaintiff drove through a red light. Plaintiff did not have any identification documents. He gave the officer a false name because he had outstanding felony warrants issued by the City of St. Louis. Plaintiff gave the officer his true Social Security number,

---

[1] The Court relies primarily on the statement of facts presented by defendant in its motion for summary judgment. The statement of facts is supported by plaintiff's deposition testimony and the affidavit of Thomas Moonier, the Chief of Police. Furthermore, plaintiff has not disputed defendant's statement of the facts in that he has failed to cite to any evidence in his response brief.

however, and the officer discovered the warrants. The officer arrested plaintiff and took him to the City of Ferguson Police Department.

Upon arrival at the department, plaintiff refused to cooperate with the booking process. The corrections officers placed plaintiff in a cold cell and refused to give him a blanket or a mattress. Later that day, a correctional officer gave plaintiff's cell mate dinner. However, the officer refused to give plaintiff dinner, saying "You don't get any unless you get booked in." Because plaintiff did not cooperate with the booking process, the correctional officers refused to give plaintiff food, a blanket, or a mattress for the first three days of his confinement at the Ferguson City Jail. Additionally, they did not allow plaintiff to use a telephone during that time. Plaintiff was not aware of any other inmates who were deprived of food while he was detained in the jail.

Plaintiff testified that it was approximately fifty degrees in his cell and that he was wearing sweats, a football jersey, and tennis shoes on the first day that he was there. According to plaintiff, the correctional officers took his clothes after about twenty-four hours and gave him a jumpsuit to wear after the first day.

On June 9, 2006, plaintiff told the correctional officers that he would cooperate with the booking process. After he was booked in, the officers allowed plaintiff to use the telephone and gave him food, a blanket, and a mattress.

All correctional officers for the City of Ferguson are required to follow the regulations and policies of the Ferguson Police Department. It is a policy or custom of the City of Ferguson to deny an inmate the use of a blanket or a mattress until the inmate cooperates with the booking process. It is not a policy or custom of the City of Ferguson to deny inmates food under any circumstance. There is no evidence of a policy or custom of the City of Ferguson to deny inmates the use of telephones.

**Discussion**

The City of Ferguson may be liable under 42 U.S.C. § 1983 only if the alleged constitutional injury was caused by its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

In this case, it is undisputed that the City of Ferguson has a policy or custom of denying detainees blankets and mattresses until they cooperate with the booking process. However, there are no allegations in the complaint nor any claim of a constitutional violation relating to the denial of a mattress or blanket. Thus, the issue of whether plaintiff's constitutional rights were violated as a result of the City's "no blanket" custom is not before the Court.

It is also undisputed that there is no evidence of a policy or custom of the City allowing or encouraging corrections officers to deny detainees food or telephone calls

until they cooperate with the booking process. Thus, the City may not be held liable for these deprivations, regardless of whether plaintiff's constitutional rights were violated.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#32] is **granted**.

A separate Judgment shall be filed with this Memorandum and Order.

Dated this 28th day of February, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE